IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

DORIS WILLIAMS,                )
                               )
          Plaintiff,            )
                               )
     v.                        )    No.  12 C 7026
                               )
THE HOUSING AUTHORITY OF THE   )
COUNTY OF COOK,                )
                               )
          Defendant.           )

                 MEMORANDUM OPINION AND ORDER

Doris Williams ("Williams") has used the form of Complaint of Employment Discrimination provided by this District Court's Clerk's Office to charge her ex-employer, which she designates as the Housing Authority of the County of Cook ("Authority"), with employment discrimination.  Williams has accompanied her Complaint with two other Clerk's-Office-supplied forms:  an In Forma Pauperis Application ("Application") and a Motion for Appointment of Counsel ("Motion").  This sua sponte memorandum opinion and order refers to those latter two requests only in conclusion, for the Complaint itself is too problematic to proceed as it is framed.

According to the Charge of Discrimination that Williams lodged with the Illinois Department of Human Rights and the EEOC on May 11, 2011, the alleged discriminatory activity comprised (1) a December 20, 2010 written reprimand that asserted she had violated the Authority's attendance policy but that she claims was rather due to her age (she says that younger employees who

also violated that policy were assertedly not disciplined) and to her race (she says that she is black and that similarly situated white employees who committed like violations were assertedly not disciplined) and (2) a March 9, 2011 failure to promote her to a senior field representative position, assertedly because of her age.[1] But here is the only thing that Complaint ¶13 recites as the "facts supporting the plaintiff's claim of discrimination":

> Union filed unfair Labor Practice Charge against HAAC--daily harrassment [sic] began thereafter by AR--"Make sure you're not violating the rules"--Refusing to open door in timely manner, performing job review in public lobby to humiliate me, track record of consistent grievances filed against HACC & lawsuits, interferred [sic] with smooth work-flow, which caused my blood-pressure to sky rocket which affected my health & wellness.

Then the Complaint ¶16 prayer for relief asks that the Authority be directed to:

> Cease & desist from violating Collective Bargaining Agreement, (CBA), treat member with dignity and respect stop harrassment [sic]/retaliatory practices, and to make myself and any other adversely-affected employee whole in any, and all ways and pay financial damages.

Thus Williams' lawsuit asserts only grounds other than those stated in her Charge of Discrimination. That is of course impermissible, so that both the Complaint and this action are dismissed (and accordingly both the Application and the Motion

---

[1] Although as stated earlier, the Charge of Discrimination was lodged on May 11, 2011, while Application ¶2.b shows May 6, 2011 (five days before that filing) as her date of last employment by Authority, the Charge of Discrimination makes no mention at all of the earlier termination of her employment.

2

are denied as moot[2]).

Because Williams has just gotten in under the wire in filing suit within 90 days after her presumptive receipt of EEOC's right-to-sue letter, she should be mindful that Fed. R. Civ. P. 59(e) would allow her just 28 days after entry of this judgment of dismissal within which she can file a motion to alter or amend the judgment--and if she were able to do so in a manner that would cure the defect identified here, this Court would be prepared to consider that curative filing as relating back to the August 31 date on which she initially filed suit.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 10, 2012

---

[2] That makes it unnecessary to deal with the inadequacy of Williams' effort to obtain counsel on her own, as described in her answer to Motion ¶2.

3